HANLEY, Trustee, &c. *v.* CARROLL and others.

WHERE two successive mortgages were executed to a married woman, on premises in which she had a right of dower, and were afterwards assigned by her and her husband to the trustee of her separate estate, previous to which, and before the second mortgage was given, she and her husband entered into possession of the premises, and continued in possession until the trustee proceeded to foreclose the mortgage ;

*Held*, 1. That the husband before the assignment, was the mortgagee, *jure mariti*, and thus became mortgagee in possession.

2. That no notice of the assignment being given to the owner of the equity of redemption, the latter was entitled to treat the husband as mortgagee in possession, during the whole period.

3. That the clear rents and profits which the husband received, or ought to have received, must be applied to the reduction of the mortgage debt.

Where a mortgagee, having a right of dower in the lands mortgaged, enters into the lands after the money is due, the entry will be deemed to have been made as mortgagee.

The revised statutes relative to Uses and Trusts, do not apply to a marriage settlement of personal property creating no future interests.

February 14 ; February 28, 1846.

THE bill was filed, January 16th, 1845, by Henry Hanley, as trustee of the separate estate of Eleanor Pinkerton, a married woman, against James Carroll an infant, Pinkerton and wife, Ann S. Bond, and others. The facts were as follows :

Eleanor P., formerly Carroll, with her husband James Carroll, executed a mortgage to Ann S. Bond, on a house and lot in the city of New York, of which Carroll was seised. This was the first lien on the premises, and was undisputed. This James Carroll died in 1834, leaving a son James, his only heir at law. In 1838, Eleanor, the widow of the deceased, was married to Pinkerton, having first executed with him, an ante-nuptial contract providing for her separate use and control of her property, in which the complainant Hanley, was the trustee. On the 9th of August, 1841, James Carroll executed a mortgage on the house and lot, to Eleanor Pinkerton ; and on the 14th of September, 1843, he executed to her another mortgage on the same premises. Previous to this, and in 1843, Pinkerton and his wife

entered into the possession of the house and lot, and occupied the same from thence until the hearing of the cause. On the 20th of September, 1844, Pinkerton and wife assigned the two mortgages of James Carroll, to the complainant as trustee. In May, 1844, James Carroll the second, died intestate, leaving the defendant James Carroll, an infant, his only heir at law.

The guardian *ad litem,* of the infant, set up in his answer, that Mrs. Pinkerton had been in possession and received the rents and profits ever since the death of her first husband, and insisted, that the amount of the rents should be set off against the two mortgages held by her trustee.

The cause was heard on the pleadings and proofs.

*J. T. Brady,* for the complainant.

The complainant is entitled to the usual decree, referring it to a master to compute the amount due on the several mortgages in the bill of complaint mentioned, and for a sale of the mortgaged premises, &c.

The matter of defence set up in the answer of the guardian *ad litem* of the infant defendants, is inadmissible in this suit because,

1. The remedy is perfect, (and exclusively,) at law.

2. The personal representatives of the deceased James Carroll, and not his heir at law, are the proper parties to demand the account prayed for.

3. The claim proposed to be set off is unliquidated, and cannot be ascertained by calculation. (2 R. S. 103, § 43, 278, § 32.) It is not therefore a proper subject of set off to the mortgages. (*Jennings* v. *Webster,* 8 Paige, 503 ; and see *Chapman* v. *Robertson,* 6 ibid. 629 ; *Holden* v. *Gilbert,* 7 ibid. 211.)

4. It is not against the complainant in this suit, but against one of the defendants. It is Pinkerton's sole liability. The *cestui que trust* is not liable for the rents. Her separate estate might just as well be subjected to any other debt of his.

In no event, can the infant claim the rents and profits of the premises, prior to the death of his father.

*E. C. Benedict*, for the infant defendant.

1. ·The conveyance to Hanley for the use of Eleanor Carroll, in 1838, vests no estate in Hanley whatever. The estate is in Eleanor, and the suit should be in her name. (1 R. S. 727, §§ 47 and 49.) At all events, Hanley took the mortgages after the death of J. Carroll, subject to all the equitable rights of the infant.

2. The two bonds and mortgages were made to Eleanor while she was in possession, and receiving the rents and profits. She was thus and is still, a mortgagee in possession, and cannot have a sale or foreclosure till an account is taken. It is to be deemed her possession, and not her husband's. The mortgage was her estate, and also the dower right. It is not a case of set off, properly so called.

3. She has been thus in possession nine years; the rents at $500 a year amount to $4500. She was entitled to her dower, one-third, which would still leave $3000, which is more than the amount of her mortgages. Under such a state of things, the infant ought not to lose his land, till his rights are ascertained.

THE ASSISTANT VICE-CHANCELLOR.—As a trust of personal estate, the marriage settlement was doubtless valid, and entitles the trustee to hold the mortgages under the assignment. The statute relative to Uses and Trusts, is not applicable to this portion of the property vested in the trustee. As to the dower interest, there is not sufficient appearing in the case, to enable me to say. whether the settlement is valid to transfer it or not. And it is not important to determine it in this stage of the cause. All the persons entitled to it in any event, are parties, and their rights may be ascertained on the reference as to the surplus.

The infant's claim to have the rents and profits applied to the complainant's mortgages, proceeds upon the ground that Pinkerton and wife are to be treated as mortgagees in possession, and not upon the idea of a set off.

When Mrs. Pinkerton resumed the possession of the premises, in 1843, her husband, *jure mariti*, was the mortgagee. The assignment to Hanley, it is true, recites that the mortgage monies

were a part of the trust, but the recital is not proof of the fact, nor is there any evidence upon the point. Mrs. P. was not entitled to the possession in her right as widow of the first James Carroll, and there is no pretence of her husband entering as a tenant of the second James. The law, presuming that her husband entered rightfully, rather than by *disseisin*, necessarily refers that act to his being mortgagee, and the debt due to him being in arrear.

As mortgagee in possession, he is bound to account for the rents and profits.

It was urged that this claim for the rents, is valid against Pinkerton only, and not against his wife or her trustee. But Pinkerton was the mortgagee at the time of the entry, and until the assignment of the mortgages to Hanley, on the 20th day of September, 1844. When the second mortgage was executed to Mrs. Pinkerton, she and her husband were in possession, and in respect of that mortgage, he immediately became the mortgagee in possession, and so continued.

The question then arises, did he lose this character on assigning the mortgages? I think he did not, in respect of the heir of the mortgagor, for the reason that no notice of the assignment was given to his guardian. When James Carroll the second died, the guardian of his infant heir on inquiry, would have found Pinkerton in possession as mortgagee. He had a right to presume a continuance of his possession in that capacity, until notified to the contrary. And it was the duty of the trustee to give such notice, on taking the assignment, if he intended to decline applying the future rents upon the mortgages. The guardian of the heir, on being apprised of this intention, would have exacted rent from the Pinkerton's, or put them out of possession.

The trustee took the mortgages subject to the accounting for the profits received by the mortgagee while in possession, and his omission to give notice, subjects him to the continuance of that accounting to the present time.

In regard to Mrs. Pinkerton's occupation of the premises prior to the mortgages, it is an affair which belongs to the administrator of James Carroll the second. The infant has no interest in it as heir.

The decree must provide for an account of the rents and profits from the entry of the Pinkerton's, in 1843. From the gross amount of such rents, the master will deduct the repairs, taxes, and insurance, and the accruing interest on the prior liens, (which affect Mrs. P.'s dower, as well as the inheritance.) One third of the residue, he will allow for Mrs. Pinkerton's dower right; and with the exception of such third part, and the disbursements actually made by her, the trustee, or her husband, upon such accruing repairs, taxes, interest and insurance, he will credit the whole of the gross rents and profits upon the complainants mortgage debt, in such mode as may be just in respect of interest, and the time of making the application.

The question of costs and other directions, must be reserved, until the coming in of the master's report of the amount due on the complainants mortgages.